## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CIVIL ACTION NO: 1:05CV-082-M**

**B & B EQUIPMENT, INC. AND**
**CLARENCE ROBERTSON**                                              **PLAINTIFFS**

**V.**

**D. MITCHELL HANNER, Executor of**
**the ESTATE OF SANDRA A. HANNER,**
**Deceased**                                                         **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss by Defendant, D. Mitchell Hanner [DN 6]. Fully briefed, this matter stands ripe for decision. For the following reasons, Defendant's Motion to Dismiss is **GRANTED.**

### I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996), cert. denied, 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff

has stated a claim for which the law provides relief.  Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996).  The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Gazette, 41 F.3d at 1064.  "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Lillard, 76 F.3d at 726 (citation omitted).  In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken.  Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.1995).

## II. BACKGROUND

This case arises out of an automobile accident on November 5, 2004 in which Sandra Hanner (Decedent) was fatally injured.  While Hanner was traveling north on U.S. Highway 79 near Madisonville, Kentucky, she struck a deer.  Due to that collision, she was either stopped or had slowed to a speed of approximately ten miles per hour.  Subsequently, Clarence Robertson (Robertson), an employee of B&B Equipment, Inc. (B&B), drove his semi-truck into the rear of the Decedent's car.  The force of the collision totally demolished the vehicle and fatally injured the Decedent.

Plaintiffs filed a Petition for Declaratory Judgment in this Court on June 16, 2005 in which they sought a declaration that they were not liable for the Decedent's injuries.  They

also sought any appropriate costs and attorneys fees.  A day later, the Defendant in the federal court action, D. Mitchell Hanner, the Executor of the Decedent's estate, filed a complaint in state court in Tennessee wherein he alleged that Robertson and B&B violated Kentucky law in the operation of their vehicle.  Defendant Hanner has now moved the Court to dismiss Plaintiffs' Petition for a Declaratory Judgment.

### III. DISCUSSION

Neither party disputes that the Court has discretion to dismiss this Declaratory Judgment action if it finds it is appropriate to do so.  The question is simply whether the Court should do so.  The Plaintiffs argue that the Court should decide the Petition for Declaratory Judgment because Kentucky is a superior forum on these facts.  The Defendant contends that the Court should not consider Plaintiffs' Petition, as the matter is also being litigated in Tennessee state court.

"It would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942) "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."  Id. at 496.   In Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995), the Court reaffirmed the discretionary standard.  In the Sixth Circuit, the decision whether to exercise that discretion is guided by a five-factor test:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in

-3-

clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

AmSouth Bank v. Dale, 386 F.3d 763, 785 (6th Cir. 2004).

The Court has considered the above factors and concludes that it should not exercise jurisdiction over this matter.   Although a judgment of no liability might settle the controversy, other factors outweigh this possibility.   This matter is simply not appropriate for declaratory relief.   It involves no issues of federal law.   There are disputed factual issues which will likely require resolution by a jury and the application of state law.   As such, a declaratory judgment would not serve a useful purpose in clarifying the legal issues involved. See Am. Home Assurance Co. v. Evans, 791 F.2d. 61, 63 (6th Cir. 1986).

Although Plaintiffs assure that Court that they "have not filed this declaratory action for the purpose of procedural fencing or res judicata," the Court finds otherwise.   As the Sixth Circuit stated in Dale, 386 F.3d at 788:

Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a "natural plaintiff" and who seem to have done so for the purpose of acquiring a favorable forum. Allowing declaratory actions in these situations can deter settlement negotiations and encourage races to the courthouse, as potential plaintiffs must file before approaching defendants for settlement negotiations, under pain of a declaratory suit.

The Plaintiffs herein are not "natural plaintiffs," and this declaratory judgment action is a

tactical maneuver calculated to deny the natural plaintiff his right to choose the forum. The Plaintiffs freely admit that Tennessee law provides a better potential remedy for the Defendant, and repeatedly raise the concern that Kentucky law should be applied. This action is an attempt by Plaintiff to ensure that Kentucky law will be applied. This is the kind of forum shopping which is inconsistent with the policies underlying the Declaratory Judgment Act.

The Tennessee state court is the better alternative to hear this case. It is the natural plaintiff's choice of forum. As noted, a jury will most likely need to decide disputed factual issues such as liability, apportionment of fault and damages. The Tennessee court can decide the issues of uninsured motorist coverage and subrogation which are or will be pending before it. The Tennessee court can also easily apply Kentucky law if that is appropriate.

The Court is convinced, after applying the <u>Dale</u> factors, that it would be inappropriate to further consider this matter.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DN 6] is **GRANTED.**

cc: counsel of record
5cv-082B&B